UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: ETHICON, INC., PELVIC
REPAIR SYSTEM PRODUCTS
LIABILITY LITIGATION

| | |
|---|---|
| Velma Gunn, et al. v. St. Vincent Infirmary Medical Center, et al., E.D. Arkansas, C.A. No. 4:12-00661<br>Freda R. Shepherd v. Baptist Health, et al., E.D. Arkansas, C.A. No. 4:12-00662 | MDL No. 2327 |

## TRANSFER ORDER

**Before the Panel**: Pursuant to Panel Rule 7.1, plaintiffs move to vacate our order that conditionally transferred their actions to MDL No. 2327.[1] Responding defendants Ethicon, Inc. and Johnson & Johnson, Inc. (collectively Ethicon) oppose the motions to vacate.

After considering all argument of counsel, we find these actions involve common questions of fact with the actions previously transferred to MDL No. 2327, and that transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Plaintiffs do not dispute that these actions share questions of fact with MDL No. 2327. Like many of the already-centralized actions, the actions now before the Panel involve factual questions arising from allegations that pelvic surgical mesh products manufactured by Ethicon and related entities were defectively designed, manufactured and marketed, resulting in serious injuries, and that defendants failed to provide appropriate warnings and instructions regarding the risks and dangers posed by these devices. *See In re: Ethicon, Inc., Pelvic Repair Sys. Prods. Liab. Litig., et al.*, 844 F. Supp. 2d 1359 (J.P.M.L. 2012).

Plaintiffs base their arguments against transfer primarily on the pendency of motions to remand their respective actions to state court. The Eastern District of Arkansas has already denied plaintiffs' motions to remand the actions to state court, and therefore, plaintiffs' basis for objecting to transfer is moot. Plaintiffs' arguments that transfer will cause undue delay are also unpersuasive. The Panel has repeatedly held that, while it might inconvenience some parties, transfer of a particular action often is necessary to further the expeditious resolution of the litigation taken as a whole. *See, e.g., In re: Crown Life Ins. Premium Litig.*, 178 F. Supp. 2d 1365, 1366 (J.P.M.L. 2001).

---

[1] St. Vincent Infirmary Medical Center (St. Vincent), a defendant in the *Gunn* action, also opposed transfer of the *Gunn* action on the ground that a motion to dismiss St. Vincent was pending in the Eastern District of Arkansas. That motion has been granted, however, and St. Vincent has withdrawn its opposition.

-2-

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, these actions are transferred to the Southern District of West Virginia and, with the consent of that court, assigned to the Honorable Joseph R. Goodwin for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

John G. Heyburn II
Chairman

Kathryn H. Vratil         W. Royal Furgeson, Jr.
Paul J. Barbadoro         Marjorie O. Rendell
Charles R. Breyer         Lewis A. Kaplan



A TRUE COPY CERTIFIED ON
FEB - 7 2013
TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia
By _____ Deputy